### EUCLID 105th ST. PROPERTIES CO v. FISHER et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8375. Decided Apr. 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff

**REAL ESTATE—Negligence (370 D2)**

(510 La1) Owner of market house, who invites general public to trade, must furnish reasonable protection. Not unreasonable to require that hand truck furnished by owner for use of tenants, be provided with warning devices.

Error to Common Pleas.
Judgment affirmed.

C. D. Warner, Cleveland, for Properties Co.
Harry G. Fuerst, Cleveland, for Fisher et.

### STATEMENT OF FACTS.

Defendant in error, who was plaintiff in the trial court, brought an action against The Euclid-105th Street Properties Company and also against A. F. Glaefke and Son, to recover damages for personal injuries claimed to have been sustained by reason of the negligence of the above named defendants. A judgment was entered in favor of defendant in error. Error

was prosecuted by The Euclid-105th Street Properties Company, it having filed a petition in error to this court. A cross petition in error was filed by Glaefke and Son, one of the defendants in the trial court.

It appears that The Euclid-105th Street Properties Company owned a market house and leased various stalls or booths to be occupied in the market house, reserving for the common use of all and the use of the general public, the aisles, approaches and ways within said market house. Glaefke and Son leased one of the booths in the market house from The Euclid-105th Street Properties Company and operated a meat stand therein. For the purpose of trucking supplies from the cooler in another part of the building to the various stalls, The Euclid-105th Street Properties Company maintained hand trucks which the tenants were at liberty to use.

On the 3rd day of November, 1925, defendant in error went with his daughter to the market to make some purchases. He was standing in front of the vegetable booth having made a purchase there, waiting for his daughter to return from another part of the market when suddenly, without any warning, according to the petition and his own evidence, he was struck by a sixty pound hand truck operated by the son of the defendant A. F. Glaefke, the wheel thereof running over the outside of his left foot and injuring same.

It is claimed by defendant in error that there was negligence on the part of The Euclid-105th Street Properties Company in not having provided said trucks with devices to give a signal or warning to persons who are rightfully there, of the approach of the hand truck.

PER CURIAM

On the question of liability of The Euclid-105th Street Properties Company, it is clear to us that the general public having been invited to come to the market house to make purchases, is entitled to reasonable protection while there, and that The Euclid-105th Street Properties Company is bound to take reasonable precautions for the protection of the public; that having invited members of the public to the market house, it is not an unreasonable burden to require that hand trucks, which The Euclid-105th Street Properties Company is furnishing for the use of tenants, should be provided with devices which would give a warning or signal to whoever chances to be there.

As to Glaefke and Son, there was clearly but one issue and that an issue of fact, whether the son of A. F. Glaefke was negligent in the operation of the hand truck.

We see no reason for disturbing the verdict of the jury or the judgment of the court.

Holding as we do, the judgment of the Common Pleas Court will, therefore, be affirmed.

(Sullivan, P.J., Levine and Vickery, JJ., concur.)